UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUCHELL CINQUE MAGEE,<br><br>        Petitioner,<br><br>  v.<br><br>K. CLARK,<br><br>        Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:10-cv—00830-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION AS DUPLICATIVE AND AS APPROPRIATELY HEARD IN THE DISTRICT OF CONVICTION (Doc. 1) AND TO DENY PETITIONER'S MOTION FOR ASSIGNMENT AS MOOT (Doc. 3) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is 1) the petition, and 2) a motion for assignment of Judge Oliver W. Wanger to this petition because the petition is related to a previously filed petition pending before Judge Wanger.

    I.   <u>Background</u>

On September 21, 2009, Petitioner filed a petition for writ of habeas corpus in this Court. This petition has been assigned case number "1:09-CV-01663 OWW GSA HC." In that action, findings and recommendations to grant the respondent's motion to dismiss

1

the petition were filed on July 15, 2010 (doc. 40) and are currently pending before the Court.  The petition challenges the decision of the California Board of Parole Hearings in 2008 not to set a determinate term for Petitioner and to deny parole. (Doc. 40, 2:1-3.)

On May 12, 2010, Petitioner filed a second petition for writ of habeas corpus that is pending in the instant action in this Court.  This petition has been assigned case number "1:10-CV-00830 AWI SKO HC."  The petition challenges Petitioner's conviction in 1975 of kidnaping in violation of Cal. Pen. Code § 209.  The petition details errors or violations of rights allegedly suffered in the course of prosecution and conviction of kidnaping, including all parties' ignoring an alleged acquittal of the charge of kidnaping, being forced into a guilty plea by the misconduct of counsel, being denied the effective assistance of counsel at trial, and suffering a violation of the protection against double jeopardy.  (Pet. 5, 10.)

However, in several locations in the petition, Petitioner refers to the later use of his conviction, or the failure to recognize his acquittal, as a basis for a denial of parole. (Pet. 3, 5, 6.)  He also seeks some relief related to the Parole Board, namely, an order to the Parole Board with respect to use of information concerning the acquittal.  (Id. 11.)

II.   Dismissal of Petitioner's Challenge to His Conviction

Petitioner is housed at the Corcoran State Prison, which is within the Eastern District of California.  He suffered his kidnaping conviction in the Santa Clara County Superior Court, which is within the Northern District of California.

2

Statutory provisions permit the filing of a petition challenging a conviction in the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). However, in the exercise of its discretion and in furtherance of justice, a district court where a petition is filed may transfer the petition to another district for hearing and determination. <u>Id.</u> This statute has been interpreted to have been intended to facilitate the hearing of claims concerning convictions in the district where the conviction was sustained:

> The legislative history of the section makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had. 2 United States Code Congressional and Administrative News, p. 2968 (1966). The purpose of this procedure is to 'permit the hearing to be held by the district court for the place of conviction, the one best able to administer full justice.' Id. at p. 2974.

<u>Laue v. Nelson</u>, 279 F.Supp. 265, 266 (C.D.Cal. 1968).

Insofar as Petitioner challenges his kidnaping conviction (or the failure of the courts and all other parties and institutions to recognize an acquittal of kidnaping), Petitioner's claims are more appropriately heard in the district in which the conviction was sustained. Because Petitioner's conviction was sustained in the Santa Clara County Superior Court, claims concerning his conviction are appropriately considered in the Northern District of California.

Here, it does not appear that the conduct of the parole authorities is the gist of Petitioner's claim; rather, Petitioner appears to mention the actions of the California Supreme Court and the parole authorities only in a secondary fashion. The

3

petition relates primarily to the validity of Petitioner's conviction in Santa Clara.  Further, Petitioner submits evidence that is beyond the scope of the record of the convictions (see, e.g., pet. 19-21), and it is thus possible that resolution of the petition will involve an evidentiary hearing.  Finally, Petitioner himself recognizes that the instant petition relates to his conviction, whereas the petition in the other case relates to parole.  (No. 1:10-00830-AWI-SKO, pet. 10 [describing the habeas petition in 1:09-cv-01663-OWW-GSA as a "Parole issue"]; mot. (doc. 3) 1:22-24 [describing one petition as challenging parole, the other as showing jury acquittal].)

Accordingly, to the extent that Petitioner seeks to challenge his conviction in Santa Clara, the petition will be dismissed without prejudice to Petitioner's filing a petition addressing the conviction in the Northern District of California, the district in which Petitioner suffered the conviction.

### III. Dismissal of the Present Petition as Duplicative insofar as Petitioner Challenges a Parole Decision

To the extent that Petitioner intends in the instant action to challenge a decision of the Parole Board in 2008, the petition is duplicative of the petition previously filed in 1:09-cv-1663-OWW-GSA-HC.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs

4

generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action, relief sought, and the parties or privies to the action are the same. Adams, 487 F.3d at 689.

First, the Court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Id. In applying the transaction test, the Court examines four criteria: 1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; 2) whether substantially the same evidence is presented in the two actions; 3) whether the two suits involve infringement of the same right; and 4) whether the two suits arise out of the same transactional nucleus of facts. Id.

Second, the Court determines whether the respondents are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation," the necessary elements of which are an identity of interests and adequate representation." Adams, 487 F.3d at 691. "Additional features of a virtual representation relationship include a close

relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693-94.  The Court has discretion to dismiss a duplicative complaint with prejudice in order to promote judicial economy and the comprehensive disposition of litigation, protect the parties from vexatious and expensive litigation, and serve the societal interest in bringing an end to disputes. Adams, 487 F.3d at 692.

Because the instant petition challenges the same parole decision as that being litigated in the previously filed and currently pending petition in case number 1:09-CV-01663 OWW GSA, the Court will recommend that the Court exercise its discretion to dismiss the instant petition as duplicative.  To the extent that Petitioner seeks to pursue his remedies with respect to the decision of the Parole Board, Petitioner must do so in the original case.

    IV.   Motion for Appointment of a District Judge

In view of the recommendation to dismiss the petition, it will be further recommended that Petitioner's motion to have this case assigned to the Honorable Oliver W. Wanger, the District Judge assigned to the previously filed petition, be denied as moot.

    V.   Recommendation

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice to filing in the Northern District of California insofar as it addresses the

6

1  validity of Petitioner's conviction in Santa Clara County, and be
2  DISMISSED with prejudice as duplicative insofar as Petitioner
3  challenges the 2008 decision of the Parole Board.
4       These findings and recommendations are submitted to the
5  United States District Court Judge assigned to the case, pursuant
6  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
7  the Local Rules of Practice for the United States District Court,
8  Eastern District of California.  Within thirty (30) days after
9  being served with a copy, any party may file written objections
10 with the Court and serve a copy on all parties.  Such a document
11 should be captioned "Objections to Magistrate Judge's Findings
12 and Recommendations."  Replies to the objections shall be served
13 and filed within fourteen (14) days (plus three (3) days if
14 served by mail) after service of the objections.  The Court will
15 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
16 636 (b)(1)(C).  The parties are advised that failure to file
17 objections within the specified time may waive the right to
18 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
19 1153 (9th Cir. 1991).
20
21 IT IS SO ORDERED.
22 **Dated:   July 21, 2010**            /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

7